NO. 07-05-0034-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



FEBRUARY 28, 2007


______________________________



MAN FINANCIAL, INC., 


A DELAWARE CORPORATION, APPELLANT



V.



MAN FINANCIAL, LTD., A NEVADA LIMITED LIABILITY COMPANY,


JOHN DOE NO. 1, AND JOHN DOE NO. 2, APPELLEES


_________________________________



FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-001,710; HONORABLE MACKEY K. HANCOCK, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL, J. and REAVIS, S.J. (1)

MEMORANDUM OPINION


 Appellant Man Financial, Inc. appeals two discovery rulings of the trial court in favor
of appellees Man Financial, Ltd., John Doe No. 1 and John Doe No. 2. We will affirm. 

 In a suit appellant Man Financial, Inc. filed against appellees in Nevada, (2) it sought
a preliminary and permanent injunction "prohibiting defendants from using the name 'Man
Financial' or defendant Man Financial, Ltd.'s name in connection with the furnishing of
financial services . . . and (b) striking the corporate registration of defendant Man Financial,
Ltd. or, in the alternative, permitting the said defendant to change its name by appropriate
filings . . . ." After the filing of the Nevada lawsuit, Man Financial, Ltd. was dissolved. 

 Pursuant to a commission issued by the Nevada state court, Man Financial, Inc.
subpoenaed Mark Artho for a deposition in Texas. (3) During the deposition, on the advice
of counsel, Artho refused to answer a question about his prior address and refused to
provide his fingerprints at the conclusion of the deposition. Man Financial, Inc. filed a
motion to compel, seeking, among other things, to obtain Artho's fingerprint sample and an
answer to the prior address question. The trial court denied Man Financial, Inc.'s motion
to compel and this appeal ensued. 

 The district court's denial of a motion to compel is reviewed under an abuse of
discretion standard. Johnson v. Davis, 178 S.W.3d 230, 242 (Tex.App.-Houston [14th Dist.]
2005, pet. denied) (citing Cire v. Cummings, 134 S.W.3d 835, 838 (Tex. 2004)). By its two
issues on appeal, Man Financial, Inc. contends the trial court abused its discretion when
it refused to compel Artho to answer the deposition question about his prior address (4) and
when it refused to compel Artho to submit to Man Financial, Inc.'s fingerprinting request. (5)

 The test for abuse of discretion is whether the trial court acted without reference to
any guiding rules and principles, or whether, under all the circumstances of the particular
case, the trial court's actions were arbitrary or unreasonable. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). We conclude the trial court did not
abuse its discretion by denying the motion to compel. On the record before us, and
considering the relief sought in Man Financial, Inc.'s Nevada lawsuit and the undisputed
dissolution of Man Financial, Ltd., we agree with Artho that the trial court could have
concluded Artho's prior address and his fingerprints were not reasonably calculated to lead
to the discovery of admissible evidence. TEX. R. CIV. P. 192.3(a). We overrule Man
Financial, Inc.'s issues on appeal and affirm the ruling of the trial court.


 James T. Campbell

 Justice
1. Don H. Reavis, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Man Financial, Inc., a Delaware corporation v. Man Financial, Ltd., a Nevada
limited liability company, John Doe No. 1 and John Doe No. 2; Cause No. CV04-00557 in
the Second Judicial District Court of the State of Nevada, County of Washoe, Department
No. 10.
3. Artho is the person who requested the formation of Man Financial, Ltd. and is not
a party to the Nevada lawsuit.
4. Man Financial, Inc. argues it is in need of Artho's prior address because "it could
lead to the discovery of admissible evidence about who besides Artho, if anyone, was
involved in forming Man [Financial,] Ltd. and also to allow Man [Financial,] Inc. to identify
other persons who should be made party to an injunction forbidding use of the name 'Man
Financial.'"
5. Artho provided Man Financial, Inc.'s attorneys a series of documents. Man
Financial, Inc.'s attorneys submitted those documents to a fingerprint expert who noted
three different sets of fingerprints were present on the documents. Man Financial, Inc.
contends Artho's fingerprints "are relevant to the issue in controversy of which persons
were responsible for forming Man Financial, Ltd. Further, [Man Financial, Inc. argues] there
is a reasonable nexus between that issue and the fingerprint examination because the
fingerprint examination is uniquely suited to produce further useful information about who
may have been involved in forming Man [Financial] Ltd. and whether Artho really was the
prime mover behind its formation."